**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
    v. )    I.D. No. 2201005596
)
BOOKER WALLACE, )
)
    Defendant. )

Submitted: June 9, 2025
Decided: June 17, 2025

## <u>ORDER</u>

This 17th day of May 2025, upon consideration of Defendant Booker Wallace's ("Wallace") Motion for Correction of an Illegal Sentence,[1] and the record in this matter, it appears to the Court that:

1. In May 2023, Wallace pled guilty to assault in the first degree, unlawful sexual contact in the third degree, strangulation, endangering the welfare of a child, and possession of a deadly weapon during the commission of a felony.[2] He agreed to ask for a sentence of no less than seven years, and the State agreed to ask for an aggregate sentence of no more than 14 years of unsuspended Level V incarceration.[3] The Delaware Sentencing Accountability Commission ("SENTAC") guidelines

---

[1] D.I. 31.
[2] D.I. 14.
[3] *Id.*

recommend a presumptive aggregate sentence of up to 12 years at Level V.[4] The Court sentenced him to 21 years at Level V.[5] Wallace appealed.

2.      In his direct appeal, Wallace argued that this Court erred by failing to provide a "statement of reasons" sufficient to satisfy the requirements of 11 *Del. C.* § 4204(c)(5) and Delaware Supreme Court Administrative Directive No. 76.[6] Wallace also contended that the Superior Court may have sentenced him with a closed mind because the court exceeded both the SENTAC presumptive sentence and the State's 14-year recommendation.[7] He requested that the Delaware Supreme Court remand for a new sentencing hearing.[8] In affirming his sentence, that Court held:

> The court identified the aggravating and mitigating factors—including excessive cruelty, need for correctional treatment, undue depreciation, and criminal history and contempt of a violation order (aggravating) and mental health issues, remorse, limited criminal history, and familial involvement (mitigating). The court stated that the aggravating factor of excessive cruelty "carrie[d] a lot of weight," and issued the sentence after "weighing all of those factors and the significant and severe potentially lethal injuries to [the victim]." The court accordingly stated the reasons for the deviation with particularity enough to enable effective appellate review by the Court.[9]

---

[4] SENTAC Benchbook 2023.

[5] D.I. 17.

[6] *Wallace v. State,* 2024 WL 3874151 at *1 (Del. Aug. 20, 2024).

[7] *Id.*

[8] *Id.*

[9] *Id.* at *6 (internal citations omitted).

3. Back in this Court, Wallace moved for a sentence modification.[10] He identified the bases for modification as: (1) abuse of discretion; (b) family issues; (3) cruel and unusual punishment; and (4) ineffective counsel.[11] That motion was denied.[12]

4. Wallace now moves *pro se* for correction of an illegal sentence. In his motion, he claims that his sentences were improperly enhanced by the sentencing judge based on the judge's own factfinding of aggravating factors in violation of *Erlinger v. United States*[13] and its predecessors.[14] He argues that a jury must adjudicate facts relevant to the imposition of any enhanced penalties under *Erlinger*.[15]

5. Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[16] A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[17] The Court may correct a sentence imposed in an illegal manner

---

[10] D.I. 22.
[11] *Id.*
[12] *State v. Wallace,* 2025 WL 447744 (Del. Super. Ct. Feb. 10, 2025).
[13] 602 U.S. 821 (2024).
[14] D.I. 31.
[15] *Id.*
[16] Super. Ct. Crim. R. 35(a).
[17] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).

within the time provided for the reduction of sentence which is within 90 days from the imposition of sentence.[18]

6.      Here, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed.  Nor, need the Court determine *Erlinger's* retroactive effect.  The Court need only consult the Sentence to determine Wallace is not entitled to relief under either interpretation of the motion.

7.      *Erlinger* provides that "'[a] fact that increases" a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be "submitted to a jury" and found unanimously and beyond a reasonable doubt.'"[19]

8.      A review of Wallace's sentence highlights the motion's deficiencies.  On each charge, he was sentenced within the statutory ranges.  In Wallace's case, the Court made no factual determinations that exposed him to a higher maximum or minimum sentence.  It simply determined certain aggravating factors warranted a sentence above the SENTAC guidelines, but within the statutory parameters. The Court not did find any facts that enhanced the range within which Wallace was sentenced.  *Erlinger* cannot be read to require the Court to submit aggravating (or mitigating) circumstances to a jury when such circumstances would not alter the statutory range of penalties.  It is the Court, in its discretion, not the jury who

---

[18] Super. Ct. Crim. R. 35(a) and (b).
[19] *Erlinger* 602 U.S. at 833 (quoting Alleyne v United States, 570 U.S. 99, 111-113)

4

determines the proper sentence within the statutory range. *Erlinger* and similar cases simply are not implicated here. Wallace's sentences were authorized by law and not illegal.

**THEREFORE**, Defendant Booker Wallace's Motion for Correction of an Illegal Sentence is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc: Prothonotary
    Jenna Milecki, Esquire, Deputy Attorney General
    Booker Wallace (SBI #00976382)
    ISO